IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| David Arp, et al., | Case No. 3:12 CV 770 |
| Plaintiffs, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Whirlpool Corp., et al., | |
| Defendant. | |

## INTRODUCTION

Pending before this Court is Defendants Whirlpool Corporation and Maytag Corporation Employees Retirement Plan's Motion to Dismiss (Doc. 12). Plaintiffs allege Defendants violated provisions of the Employee Retirement Income Security Act of 1974 ("ERISA") by failing to provide them with information regarding their credited service under their pension plan (the "Plan") (Doc. 1). This Court has subject matter jurisdiction under 28 U.S.C. § 1331. For the following reasons, Defendants' Motion is denied.

## BACKGROUND

Plaintiffs are thirty-one former employees of Defendant Whirlpool and members of UAW Local 1623. In 2006, Plaintiffs were notified that the factory where they worked in Bellevue, Ohio was scheduled to close. Plaintiffs were provided a letter indicating the total years of credited service under Defendants' Plan, but Plaintiffs believe the years did not correspond to UAW Local records (Doc. 1 at 5–7).

From April 2011 until December 2011, Plaintiffs made at least five inquiries requesting information that would enable Plaintiffs to determine whether their pension benefits had been

calculated properly. Specifically, Plaintiffs requested "a breakdown of hours awarded for each year and an explanation of why years that were credited less than one were not credited as full years." (Doc. 1-12 at 2). According to Plaintiffs, Defendants failed to provide the requested information (Doc. 1 at 8), and in April 2012, Defendants sent Plaintiffs a letter denying their request for further information (Doc. 1-12 at 2). Plaintiffs then filed this three-part Complaint (Doc. 1) and Defendants moved to dismiss (Docs. 12–13). Subsequently, Plaintiffs voluntarily dismissed Count III of their Complaint (Doc. 14). Dismissal of the remaining Counts has been fully briefed (Docs. 13, 15, & 16).

## STANDARD OF REVIEW

Under Federal Civil Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 departs from the hyper-technical, code-pleading requirements, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–89 (2009). Therefore, under Rule 12(b)(6), this Court tests the legal sufficiency of the Complaint, which requires accepting all well-pleaded factual allegations as true and construing the Complaint in the light most favorable to Plaintiffs. *See Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir. 2007).

Although the Complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the Complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. And "[a] claim has facial plausibility when [Plaintiff] pleads factual content that allows the court to draw the reasonable inference that [Defendant] is liable for the

2

misconduct alleged." *See Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

Count I arises under 29 U.S.C. § 1132(c)(1)(B), an ERISA provision that permits plan participants to sue for a penalty if the administrator fails to provide copies of certain documents. Plaintiffs allege Defendants refused to "provide information that would enable them to determine their exact standing with regard to the Plan, as well as the accuracy of the Defendants' calculations in light of the Plaintiffs' conflicting records." (Doc. 15 at 11). According to Defendants, this Count should be dismissed because "nothing in ERISA required the Plan Administrator to provide [P]laintiffs with details about their individual service calculations." (Doc. 13 at 1). Count II, which arises under 29 U.S.C. § 1132(a)(1)(B), is brought to enforce Plaintiffs' rights under the Plan to review the requested information. Defendants argue this Count should be dismissed because the "Administrator produced any documents or information the Plan required." (Doc. 13 at 2).

Plaintiffs disagree with all of Defendants' assertions and argue that Counts I and II are proper because "ERISA's information disclosure provisions are very broad," and because Defendants have not complied with their responsibility to produce documents required by the Plan (Doc. 15 at 5 & 8). They seek an order requiring Defendants to furnish the information, and an award for the maximum daily statutory penalties plus attorney fees.

**Count I is Proper Under Section 1132(c)(1)(B)**

Because Plaintiffs' personal and union records apparently conflict with the records maintained by Defendants, Plaintiffs requested the following information:

3

>       For each employee, please provide the number of years of service credit awarded. For each year in which the credited service totals less than one year, please provide an explanation of why a full year was not credited, as well as the number of hours credited to the employee for that year.

(Doc. 15 at 11). This request was made pursuant to 29 U.S.C. § 1132(c)(1)(B) which authorizes pension plan participants to sue ERISA plan administrators for a penalty if they fail to:

>       [C]omply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within thirty days after such request . . . .

Defendants argue there is no statutory obligation to provide the requested information, and that Section 1132(c)(1)(B) must be read in conjunction with 29 U.S.C. § 1024(b)(4) which provides:

>       The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

Because Plaintiffs' request did not include any of the documents specifically named in Section 1024(b)(4), Defendants contend the request is necessarily for "other instruments under which the plan is established or operated" if it is to fall within ERISA's disclosure provisions (Doc. 13 at 5–6). Defendants also note that in the Sixth Circuit, "other instruments" are "properly limited to those class of documents which provide a plan participant with information concerning how the plan is *operated*," and do not include "documents used in the ministerial day-to-day processing of individual claims . . . ." *Allinder v. Inter-City Prods. Corp.*, 152 F.3d 544, 549 (6th Cir. 1998). Because Defendants characterize the request as one for "ministerial" documents regarding the "day-to-day processing of individual claims," they argue Plaintiffs cannot hold them liable for failing to furnish the requested information (Doc. 13 at 6).

4

Defendants' argument is premised on a faulty interpretation of ERISA disclosure law -- namely, that Section 1024(b)(4) must be given a technical and narrow reading. The information disclosure provisions of ERISA are intended to be broad. Indeed, the Supreme Court emphasized that Congress' purpose "in enacting the ERISA disclosure provisions" was to ensure that "'the individual participant knows exactly where he stands with respect to the plan.'" *Firestone Tire & Rubber Co. v. Brunch*, 489 U.S. 101, 118 (1989) (quoting H.R. Rep. No. 93-533, p. 11 (1973)). Similarly, the Sixth Circuit instructed that, "all other things being equal, courts should favor disclosure where it would help participants understand their rights." *Bartling v. Fruehauf Corp.*, 29 F.3d 1062, 1070 (6th Cir. 1994).

Additionally, 29 U.S.C. § 1025(a) requires plan administrators to provide documentation showing "the total benefits accrued," which has been "interpreted broadly to accommodate a plan participant's request that the administrator provide the computations to support the amount stated." *Haberen v. Kaupp Vascular Surgeons*, 822 F. Supp. 247, 264 (E.D. Pa. 1993), *reversed on other grounds by* 24 F.3d 1491, 1505 (3d Cir. 1994). Accordingly, Sections 1024(b)(4) and 1025(a) require sufficient information to support the retirement calculations under ERISA.

Moreover, in *Bartling,* the Sixth Circuit addressed an analogous situation. There, plaintiffs asked for "benefit computation worksheets," which were not produced because the plan administrator responded that the computations were performed by a computer. 29 F.3d at 1066. The administrator did have, however, a "calculation procedure" which described, in step-by-step detail, the procedures followed to derive a participant's benefits under the plan in question. *Id.* at 1070. Requiring disclosure, the court concluded that "[i]mposing a burden upon Plaintiffs to ask for the Calculation

5

Procedure by name rather than by description would be contrary to the spirit of [Section 1024(b)(4)]." *Id.* at 1071.

Like *Bartling*, Plaintiffs requested information to enable them to understand their rights to benefits under the terms of the Plan. As the Sixth Circuit noted, Congress intended ERISA's disclosure provisions to "guarantee that plan participants have *access to the information* they need to protect their interests in the assets and funds being managed by the plan fiduciaries." *Allinder*, 152 F.3d at 550 (emphasis in original). Plaintiffs clearly communicated to Defendants, in numerous letters, their desire for information that would allow them to know where they stand with regard to the Plan. The Complaint alleges sufficient factual matter that, if proven, entitle Plaintiffs to relief. Dismissal of Count I is denied.

### Count II is Proper Under Section 1132(a)(1)(B)

Plaintiffs also seek to enforce a provision of the Plan pursuant to 29 U.S.C. § 1132(a)(1)(B), which allows actions by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Defendants argue this claim is improper because Plaintiffs are not seeking to have the amount of their pension under the Plan increased or modified, and even if they were, doing so "would be premature because [P]laintiffs have not exhausted their administrative remedies under the Plan." (Doc. 13 at 7).

While Plaintiffs are not seeking additional Plan benefits in this lawsuit, Section 1132(a)(1)(B) entitles Plaintiffs to enforce their rights under the Plan, including their right to receive information under Plan Section 11.09, which provides that "[t]he Administrator shall make available to each Participant for examination by him upon request, at the offices of his Employer, a copy of the Plan

6

and such records or copies thereof as may pertain to any benefits of such Participant under the Plan." (Doc. 15 at 22). Defendants have provided copies of the Plan document and individual benefit statements; however, Plaintiffs contend they are also entitled to records "demonstrating the years for which the Plaintiffs did not receive a full year of service credit, the reasons why, and the number of hours actually credited for those years." (Doc. 15 at 22). Defendants disagree, arguing that such records do not relate to benefits due and that these requests are for "a detailed explanation of a purported discrepancy between the Plan's records and something else." (Doc. 16 at 8).

This Court finds that the plain language of Section 11.09 provides for "such [] records . . . as may pertain to any benefits of such Participant under the Plan." The information sought by Plaintiffs clearly pertains to their benefits under the Plan and is therefore covered by that Section. Dismissal of Count II is denied.

## CONCLUSION

Plaintiffs request a breakdown of their respective benefits calculation under the Plan. Defendants presumably have this information and, to some extent, believe they have already provided it. Plaintiffs, in filing this lawsuit, either are unsatisfied with the information received or do not understand it. The parties are encouraged to talk with each other to determine what information Plaintiffs may still require under the Plan to verify their pension amounts.

Defendants' Motion to Dismiss is denied, and this Court will shortly revisit with counsel to discuss if verification of the benefit amounts has occurred and if at least that part of this dispute has been resolved.

IT IS SO ORDERED.

                                                    s/ *Jack Zouhary*
                                                    JACK ZOUHARY
                                                    U. S. DISTRICT JUDGE

                                                    July 10, 2012